IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KEITH P. THOMPSON | § | C.A. NO. |
| | § | |
| VS. | § | |
| | § | |
| REC MARINE LOGISTICS, LLC and | § | |
| GULF CRANE SERVICES INC. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Keith P. Thompson ("Plaintiff"), complaining of Defendants REC Marine Logistics, LLC ("REC") and Gulf Crane Services Inc. ("Gulf Crane"), and, for cause of action, would respectfully show this Honorable Court as follows:

### I. PARTIES

1.1   Plaintiff Keith P. Thompson, is a U.S. citizen and resident of Louisiana.

1.2   Defendant REC Marine Logistics, LLC, is a foreign limited liability company doing business in this District and the State of Texas for the purpose of accumulating monetary profit, but does not have a regular place of business or a registered agent for service of process in Texas or this District and, therefore, may be served with process in compliance with Federal Rule of Civil Procedure 4(h), by mailing a copy of the summons and complaint to: (a) Defendant's registered agent, Ronald Elie Chaddock, 15360 Highway 3235, Cut Off, LA 70345; or (b) Defendant, Rec Marine Logistics, LLC, 15360 Highway 3235, Cut Off, LA 70345.

1.3   Defendant Gulf Crane Services, Inc., is a foreign company doing business in this District and the State of Texas for the purpose of accumulating monetary profit, but does not have a regular place of business or a registered agent for service of process in Texas or this

District and, therefore, may be served with process in compliance with Federal Rule of Civil Procedure 4(h), by mailing a copy of the summons and complaint to: (a) Defendant's registered agent, Charles Bollinger, 21795 Dohm Ranch Lane, Loranger, LA 70446; or (b) Defendant, Gulf Crane Services, Inc., 73413 Bollfield Road, Covington, LA 70435.

## II.  JURISDICTION

2.1     This case is brought under admiralty jurisdiction, 28 U.S.C. § 1333, the general maritime law, and also under other applicable laws, including under the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C.A. § 1301, *et seq.*

## III.  VENUE

3.1.    Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

## IV. FACTS

4.1     On or about October 15, 2012, Plaintiff was working as a rigger for Fab-Con, Inc., and was injured while on the M/V *Dip*, a vessel operating in navigable waters, owned and/or operated by Defendant REC, as he was being transferred via personnel basket from the vessel to a platform in the Gulf of Mexico.  During this transfer, the crane operator "Cody", employed by Defendant Gulf Crane, imprudently lifted the personnel basket when the boom was not in proper position to make the lift, and slammed the personnel basket into the railing of the deck of the vessel, which caused Plaintiff to sustain severe and disabling injuries when he fell from the basket onto the vessel below.

## V. CAUSE OF ACTION

### A. NEGLIGENCE AND GROSS NEGLIGENCE

5.1 As stated above, on or about October 15, 2012, Plaintiff was caused to fall to the deck of the vessel during a personnel basket transfer.

5.2 Defendant REC is liable for the subject accident and Plaintiff's injuries and damages by reason of its negligence, gross negligence, and/or conditions attributable to it, directly and/or vicariously, by and through the vessel and/or her agents, representatives and/or employees, in one or more of the following particulars:

(a) Failing to maintain adequate communication with the crane operator performing the personnel basket transfer, in order to signal when it was safe to lift the personnel basket;

(b) Failing to maintain control of taglines attached to the personnel basket to prevent the personnel basket from swinging into the railing of the vessel during the ill-fated personnel transfer;

(c) Other acts so deemed negligent, particulars to be shown at trial of this cause.

5.3 Defendant Gulf Crane is liable for the subject accident and Plaintiff's injuries and damages by reason of its negligence, gross negligence, and/or conditions attributable to it, directly and/or vicariously, by and through its agents, representatives and/or employees, including the crane operator, in one or more of the following particulars:

(a) Imprudently lifting the personnel basket when the boom was not in proper position to make the lift;

(b) Failing to maintain adequate communication with the deckhand, signalman, or other member of the crew of the M/V *Dip*, to determine when it was safe and appropriate to lift the personnel basket from the deck of the vessel;

      (c)      Allowing an incompetent and reckless crane operator to operate the crane during the ill-fated personnel transfer, when it knew or should have known that he could not be trusted to operate the crane safely;

      (d)      Other acts so deemed negligent, particulars to be shown at trial of this cause.

5.4      As a result of Defendants actions and/or inactions, Plaintiff has been caused to endure considerable pain and suffering, and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustain the monetary and financial loss occasioned by said lost time from work.  Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging in his usual occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

5.5      Plaintiff would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of herein.

5.6      In addition to the above negligent acts, Defendants acted willfully, and with malice, or recklessness, in doing the things alleged, and were grossly negligent in the aforementioned particulars.

5.7      Defendants had actual, subjective, awareness of the risks involved in this personnel basket transfer but nevertheless proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff.

5.8      Plaintiff's injuries were not culminated by any contributing fault of his own, but solely the negligence and/or gross negligence of Defendants.

## VI. DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1     As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his body.  In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for treatment; such expense is still continuing and he is unable to state the full amount thereof.

6.2     Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

(a) physical disability sustained by Plaintiff from the date of injury to the time of trial;

(b) future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

(c) physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

(d) physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

(e) loss or earnings sustained by Plaintiff from the date of injury to time of trial;

(f) loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

(g) reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

(h) reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

(i) past and future physical disfigurement;

(j) past and future physical impairment; and

(k) punitive damages.

## VII. INTEREST

7.1    Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.  JURY DEMAND

8.1    Plaintiff demands a jury trial herein.

WHEREFORE, Plaintiff prays:

(a)    that process in due form of law according to the practice of this Honorable Court issue against Defendant summoning it to appear and answer, all and singular, the matters aforesaid;

(b)    that a judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages; attorney's fees; costs of suit; and

(c)    for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause.

Respectfully submitted,

*/s/ Marc Evan Kutner*
Marc Evan Kutner
SBN 11770575 / SDTX ID 6238
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:    713-653-5656
Email:    mkutner@spaglaw.com

**OF COUNSEL**:

SPAGNOLETTI & CO.
Marcus R. Spagnoletti
SBN 24076708 / SDTX 1139660
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:    713-653-5656
Email:    marcus@spaglaw.com
***Attorneys for Plaintiff***